# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:18-CV-21230-CIV-JLK

RAMON DEL VALLE,

    Plaintiff,

v.

KIRSTJEN NIELSEN,
*Secretary of Homeland Security, et al.*,

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss (DE #21), filed on June 4, 2018, seeking to dismiss Plaintiff's Complaint for *De Novo* Naturalization and/or Declaratory Judgment (DE #1). Plaintiff filed his Response in Opposition (DE #22) on June 18, 2018, and Defendants filed their Reply (DE #25) on June 25, 2018. On July 12, 2018, Plaintiff filed an Unopposed Motion for Supplemental Briefing (DE #27) regarding *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), a Supreme Court opinion issued on June 21, 2018. The Court granted the motion on August 9, 2018 (DE #28). Plaintiff filed a Supplemental Opposition to Defendants' Motion to Dismiss (DE #29) on August 9, 2018; and Defendants filed a Supplemental Brief in Support (DE #30) on August 17, 2018. Accordingly, this matter is ripe for disposition.

## BACKGROUND

Plaintiff emigrated to the United States from Cuba at the age of five (DE #1, ¶ 16; DE #1-4), and has been a lawful permanent resident ("LPR") of the United States since January 11, 1965 (DE #1, ¶ 17). On January 21, 1981, Plaintiff was convicted in the US District Court for the Southern District of Florida for "knowingly and intentionally importing into the United States a controlled substance," specifically marijuana, in violation of 21 U.S.C. § 952(a) and 960(a)(1), and 18 U.S.C § 2 (DE #1-4).

On September 1, 2016, Plaintiff filed an Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS") under 8 U.S.C. § 1427 (DE #1, ¶ 21). He appeared for his naturalization interview and examination on January 9, 2017 (DE #1, ¶ 25). The USCIS is required to adjudicate or schedule a second interview for an Application for Naturalization within 120 days of the first interview. 8 C.F.R. § 335.3(a). Moreover:

> "If there is a failure to make a determination under [§] 1446 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

8 U.S.C. § 1447(b).

"On or about March 31, 2018," Del Valle received in the mail a Notice to Appear ("NTA") in removal proceedings from USCIS (DE #1, ¶ 38). The NTA alleged as the basis for removal Plaintiff's criminal conviction from 1981 (DE #1-4). On April 2,

2

2018—448 days after his interview for naturalization—Plaintiff had received no response from the USCIS, and filed his Complaint with the Court pursuant to 8 U.S.C. § 1447(b) (DE #1, ¶ 36). A superseding NTA filed with the Executive Office for Immigration Review ("EOIR") on May 25, 2018, charged Plaintiff with being removable pursuant to 8 U.S.C. 237(a)(2)(A)(iii) as an aggravated felon, and 8 U.S.C. 237(a)(2)(B)(i) as a controlled substance violator (DE #21, at 2).

## LEGAL STANDARD

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss under Rule 12(b)(1) may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . and a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

3

Allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681. When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

Defendants argue that 8 U.S.C. § 1429 prohibits the Court from considering Plaintiff's naturalization application under 8 U.S.C. § 1447(b). § 1429 states that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any Act." Federal courts throughout the U.S. have ruled on the interaction between the two provisions, but there is no precedent on-point that is binding on the Court.

The U.S. Court of Appeals for the Eleventh Circuit has stressed the importance of looking to the plain meaning of the text itself when interpreting statutes. *See Silva-Hernandez v. USCIS*, 701 F.3d 356, 361 (11th Cir. 2012). Courts "must begin, and often should end as well, with the language of the statute itself." *Id.* (quoting *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002) (*en banc*)). Moreover, "[t]hose who ask courts to give effect to perceived legislative intent by interpreting statutory language contrary to its plain and unambiguous meaning are in effect asking courts to alter that

4

language, and courts have no authority to alter statutory language . . . cannot add to the terms of the provision what Congress left out." *Id.* (quoting *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001)).

The plain meaning of the text of 8 U.S.C. § 1429 is that the provision restricts the Attorney General, but does nothing to restrict U.S. District Courts. For example, the provision does not say, "No application for naturalization shall be considered," but specifically goes on to list the Attorney General. In contrast, the immediately preceding clause of § 1429 states that "[N]o person shall be naturalized against whom there is outstanding a final finding of deportability"; it does not go on to list the Attorney General, U.S. District Courts, or any other entity.[1] The Court has no authority to read the next provision of the statute, the one at issue here, in a way that disregards the direct qualifier, "by the Attorney General." Arguments raised by Defendants against this basic point are unpersuasive.[2]

Defendants argue the legislative history establishes that § 1429 was enacted to end the race that historically existed between naturalization and removal (DE #21, at 3–4; DE

---

[1] The full provision reads:
"[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act[.]"
8 U.S.C. § 1429.

[2] Plaintiff's Supplemental Opposition to Defendants' Motion to Dismiss argues that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), issued on June 21, "clarifies that removal proceedings have not been commenced against Mr. Del Valle and thus robs Defendants' Motion to Dismiss of both a factual basis and legal merit" (DE #29, at 1). *Pereira* specifically held that a Notice to Appear that does not specify the time and place of the initial removal proceeding, as required by 8 U.S.C. § 1229(a)(1)(G)(i), does not trigger the stop-time rule under 8 U.S.C. § 1229b(d)(1), which references § 1229(a). However, the Court need not decide today whether *Pereira*'s holding applies to Notices to Appear more broadly than with respect to the stop-time rule.

5

#25, at 4–5). Indeed, § 1429 prioritizes removal proceedings over naturalization proceedings, which are both now primarily conducted within the executive branch. But, as clearly written, this priority does not encompass review by U.S. District Courts. Instead, "[w]hen Congress amended § 1429 [in 1990], it chose to replace 'naturalization court' with 'Attorney General,' Immigration Act of 1990, § 407(d)(3)." *Yith v. Nelson*, 881 F.3d 1155, 1164–65 (9th Cir. 2018). "Nothing in the 1990 amendments suggests that Congress intended to preserve the 1952 act's bar on a district court naturalizing applicants while removal proceedings are pending, and Congress's decision to remove the provision suggests it wanted to end such a bar." *Id.* at 1162.

Defendants also argue that the phrase "failure to make a determination" in § 1447(b) should only apply to cases of executive delay, and not when removal is pending (DE #21, at 3-4; DE #25, at 4). Plaintiffs respond that "[t]his conclusion defies common usage of "failure" and thus lacks persuasive value" (DE #22, at 14). For example, the plain language reading of "failure" encompasses situations where "the failure was caused by the person's self-sabotage or other intentional efforts to make it impossible to accomplish the goal." *Yith*, 881 F.3d at 1162. Regardless, if § 1429 only applies to "the Attorney General," as it plainly states, there is no need to parse the meaning of "failure" in § 1447(b).

Finally, there is nothing in either statute that suggests that the District Court's authority cannot be greater than that of the Attorney General (DE #21, at 5; DE #25, at 3–4). Indeed, the text of § 1429 suggests the opposite, in that the Attorney General's

authority is proscribed by name in the statute when a removal proceeding is pending, whereas the District Court's authority is not. We end where we began, at the statutory text. *See Harry*, 291 F.3d at 770.

## CONCLUSION

As 8 U.S.C. § 1429 does not bar the Court from hearing this case, Plaintiff's Complaint should not be dismissed. Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion to Dismiss **(DE #21)** is hereby **DENIED**. Defendants **SHALL** file their Answer to the Complaint within twenty (20) days of the date of this order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 21st day of September, 2018.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**